# IN THE DISTRICT COURT OF THE UNITED STATES
## DISTRICT OF SOUTH CAROLINA
## CHARLESTON DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | **CRIMINAL NO.: 2:21-CR-341** |
| ) | |
| vs. ) | **MOTION FOR DISCLOSURE OF** |
| ) | **EVIDENCE BY THE GOVERNMENT** |
| **XAVIER WILLIAMS,** ) | |
| ) | |
| **Defendant.** ) | |
| _____) | |

**TO:   JAMIE LEE NABORS SCHOEN, ASSISTANT UNITED STATES ATTORNEY**

The Defendant, **XAVIER WILLIAMS**, by and through his undersigned attorney, hereby moves before the United States District Judge for the District of South Carolina, Charleston Division, for discovery and inspection pursuant to Brady v. Maryland, 373 U.S. 83 (1963) and its progeny, and Rule 16 of the Federal Rules of Criminal Procedure to include the following. For purposes of this Motion "Government" as used throughout this document, includes any federal, state, or local entity having any role or performing any service in connection with this case. Furthermore, "Statement" as used throughout this document, includes any oral or written or recorded expression, comment, conversation, acknowledgment or admission, or physical expression.

1. Pursuant to Rule 16(a) (1) (A) and (B), any statement made by the defendant within the possession, or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the government. Any statement prepared by a witness which contains a reference to statements made by the defendant.

2. The prior criminal record of the defendant pursuant to Rule 16 (a)(1)((D).

3. An inventory of all tangible evidence in the possession and control of the government, together with a description of the time and date when it was obtained, as well as a description of the circumstances under which it was obtained.

1

4. Pursuant to Rule 16(a)(1)(E), all books, papers, documents, photographs or tangible objects which are in the possession, custody or control of the government, and have any role or connection with this case, including any handwritten notes taken by any investigating agents. All exhibits which the government may or intends to offer at trial.

5. Pursuant to Rule 16(a)(1)(F), the results or reports of physical or mental examinations, or scientific tests or experiments, as well as the pertinent chain of custody for the items examined, which are
    (i) within the possession, custody or control of the government;
    (ii) the attorney for the government knows, or by the exercise of due diligence could know that the item exists.

6. Pursuant to Rule 16(a)(1)(G) a written summary of any expert witness testimony that the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case in chief at trial. The summary must describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications.

7. All evidence favorable to the defendant, or which would be helpful in the preparation of a defense or in mitigation of punishment. This includes, but is not limited to, the following:

    (a) All information relevant to the credibility of any government witness;
    (b) All information concerning the conduct, character and reputation of any such witness which is relevant to his or her truthfulness or untruthfulness;
    (c) The criminal record of such witness';
    (d) The substance of any agreement, or proposed agreement, either oral or written, made in the name of the government to any witness, the subject of which deals either directly or indirectly with promises of favored treatment or leniency in return for either pleas of guilty, <u>nolo contendere</u> or favorable testimony in this case or any other criminal or civil case;
    (e) All evidence tending to show that any acts or conduct by the defendant were done without criminal intent;
    (f) This request specifically includes any information which could show that at the time of any alleged act, the defendant was neither present, mentioned or involved directly or indirectly;
    (g) All names and present addresses of persons who have any knowledge of the existence of any evidence which might be relevant to acts charged as a crime in the Indictment against the defendant, including

      persons who will be witnesses for the government or will not be called as witnesses by the government;

  (h)    The transcript of testimony before the Grand Jury in this case;

8. All statements of witnesses producible under Title 18, United States Code, Section 3500, the Jencks Act, at least seventy-two (72) hours prior to trial.

9. Pursuant to the provisions of Title 18, United States Code, Section 2518(9), all records relating to intercepted wire or oral communications and/or any evidence discovered therefrom.

10. All court orders and requests for court orders authorizing and requesting monitoring of any and all communications to or from the defendant while in custody, and the substance of all monitored communications, with or without court order or notice.

11. The defendant moves pursuant to Rule 12(b), Federal Rules of Criminal Procedure for notice of the government's intention to use any evidence at trial which may be subject to a motion to suppress.

This request is a continuing request for such information as it becomes known to the government and its agents. If, prior to or during trial, the Government discovers additional evidence or material previously requested or ordered, which is subject to discovery or inspection under this Rule, the Government is requested to promptly notify the Defendant or the Defendant's attorney or the Court of the existence of the additional evidence or material.

    Respectfully submitted,

    s/ A. Peter Shahid, Jr.
    By:  A. Peter Shahid, Jr., Esquire
    SHAHID LAW OFFICE, LLC
    Attorney for the Defendant
    Federal ID No. 5286
    89 Broad Street
    Charleston, SC 29401
    (843) 853-4500

Dated: November 11, 2021