### IN THE DISTRICT COURT OF THE UNITED STATES
### DISTRICT OF SOUTH CAROLINA
### CHARLESTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CRIMINAL NO. 2:21-CR-341 |
| | ) | |
| vs. | ) | DEFENDANT'S MOTION TO |
| | ) | DISCLOSE GRAND JURY |
| XAVIER WILLIAMS, | ) | PROCEEDING |
| | ) | |
| Defendant. | ) | |
| | ) | |

**TO:   JAMIE LEE NABORS SCHOEN, ASSISTANT UNITED STATES ATTORNEY**

The Defendant, **XAVIER WILLIAMS**, by and through his undersigned attorney, hereby moves before the United States District Judge for the District of South Carolina,  Charleston Division, for an Order pursuant to Rules 6 and 16 of the Federal Rules of Criminal Procedure permitting him to receive, inspect and be provided a copy the recorded testimony of all of those individuals who testified and/or appeared  before the Grand Jury which returned the current indictment against him.  The Defendant seeks to receive, inspect and copy the recorded testimony of those individuals whom the Government plans to call as witnesses at the trial of this case, and insofar as not included above, those individuals whose testimony refers in any way to the Defendant.

In support of this Motion, the Defendant would show that:

(1)     Upon information and belief, the Grand Jury has ended its deliberations.  All testimony it desired has been recorded and an indictment returned;

(2)     Any previously existing reason for secrecy no longer exists as there is no danger of undue influence or pressure being exerted on either the Grand Jurors or witnesses appearing before

1

the Jury, nor is there any danger of an escape by persons whose indictment might be contemplated; and

(3)    The suppression of said testimony is not necessary for the protection of the Grand Jurors, nor would same subject them to criticism, ridicule or embarrassment.

The testimony of witnesses, therefore, may become <u>BRADY</u> material, and evidence of innocence to which this Defendant is entitled to at this time.  Moreover, said testimony has been released and made available to prosecuting officials for their use in their preparation for trial of this case.  Fair play and the right to a fair trial require that the testimony be available to the Defendant as he prepares his defense.  Finally, the Grand Jury testimony is not privileged or confidential and must be released so Defendant can prepare to face his accusers.

Because the Government has used Grand Jury testimony to return an indictment and because it will continue to use this testimony in the prosecution of this case, it is material to the defense and must be produced.

**WHEREFORE**, the Defendant requests that this Court grant his motion and order for disclosure of the Grand Jury proceedings.

Respectfully submitted,

s/ A. Peter Shahid, Jr.
By:  A. Peter Shahid, Jr., Esquire
SHAHID LAW OFFICE, LLC
Attorney for the Defendant
Federal ID No. 5286
89 Broad Street
Charleston, SC 29401
(843) 853-4500

Dated: November 11, 2021

2